IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHANNON RAY HALL,

    Petitioner,

vs.

CLAUDE FINN, et al.,

    Respondents.

No. CIV S-08-824 KJM CHS P

FINDINGS AND RECOMMENDATIONS

## I. INTRODUCTION

Petitioner Hall is a state prisoner proceeding pro se with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. §2254. Petitioner is currently serving an indeterminate sentence of 16 years to life for second degree murder with use of a deadly weapon. This petition challenges the execution of petitioner's sentence, and specifically, the November 16, 2006 decision of the state parole authority that he was not suitable to be released on parole.[1]

## II. BACKGROUND

In 1989, petitioner was convicted of second degree murder with use of a deadly weapon and sentenced to a term of 16 years to life. He was received in state prison on December

---

[1] These findings and recommendations supercede the November 29, 2010 findings and recommendations, which were vacated on January 27, 2011.

1

13, 1989.  On November 16, 2006, a panel of the Board of Parole hearings ("Board") conducted a hearing to determine whether petitioner was suitable for parole.   After considering various positive and negative suitability factors, the panel concluded that petitioner would pose an unreasonable risk of danger to society if released, and thus that he was not suitable for parole.

Petitioner sought habeas corpus relief in the California state courts.  On October 29, 2007, the Los Angeles County Superior Court issued a decision concluding that the Board's decision was supported by some evidence in the record.  The California Court of Appeal and the California Supreme Court likewise denied petitioner's claims for relief on state habeas corpus.

### III.  CLAIMS PRESENTED

The petition sets forth three grounds for relief.  For purposes of this opinion, each of petitioner's three grounds for relief will be addressed in a single discussion on federal due process of law in the state parole context.

Petitioner contends in ground one that the Board's decision to deny parole was unsupported by sufficient evidence in the record.  In ground two, petitioner claims that the Board failed to actually consider some of the evidence before it.  Finally, in ground three, petitioner contends that California's "some evidence" standard of review infringes upon his liberty interest.

### IV.  APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

An application for writ of habeas corpus by a person in custody under judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. §2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (*citing Engle v. Isaac*, 456 U.S. 107, 119 (1982)).  This petition for writ of habeas corpus was filed after the effective date of, and thus is subject to, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also Weaver v. Thompson*, 197 F.3d 359 (9th Cir. 1999).  Under AEDPA, federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001).

## V.  FEDERAL DUE PROCESS IN THE STATE PAROLE CONTEXT

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A person alleging a due process violation must first demonstrate that he or she was deprived of a protected liberty or property interest, and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. *Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 459-60 (1989); *McQuillion v. Duncan*, 306 F.3d 895, 900 (9th Cir. 2002).

A protected liberty interest may arise from either the Due Process Clause itself or from state laws. *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987).  The United States Constitution does not, in and of itself, create for prisoners a protected liberty interest in the receipt of a parole date. *Jago v. Van Curen*, 454 U.S. 14, 17-21 (1981); *Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before expiration of a valid sentence.").  Where a state's statutory parole scheme uses mandatory language, however, it "'creates a presumption that parole release will be granted' when or unless certain designated findings are made," thereby giving rise to a constitutional liberty interest. *McQuillion*, 306 F.3d at 901 (*quoting Greenholtz*, 442 U.S. at 12).  California's parole statutes give rise to a liberty interest that is protected by the federal due process clause. *See, e.g., Pirtle v. Cal. Bd. of Prison Terms*, 611 F.3d 1015, 1020 (9th Cir. 2010) (overruled on other grounds); *see also Swarthout v. Cooke*, No. 10-333, slip op. at 4 (U.S. January 24, 2011) ("the Ninth Circuit held that California law creates a liberty interest in

parole[.] While we have no need to review that holding here, it is a reasonable application of our cases.) (citations omitted).

The full panoply of rights afforded a defendant in a criminal proceeding is not constitutionally mandated in the context of a parole proceeding. *See Pedro v. Or. Parole Bd.*, 825 F.2d 1396, 1398-99 (9th Cir. 1987); *see also Swarthout*, slip op. at 4 ("In the context of parole, we have held that the procedures required are minimal.") The Supreme Court has held that a parole board's procedures are constitutionally adequate if the inmate is given an opportunity to be heard and a decision informing him of the reasons he did not qualify for parole. *Swarthout*, slip op. at 4-5 (citing *Greenholtz*, 442 U.S. at 16).

Additionally, as a matter of *state* law, denial of parole to California inmates must be supported by at least "some evidence" demonstrating future dangerousness. *See, e.g., In re Lawrence*, 44 Cal.4th 1181 (2008); *In re Rosenkrantz*, 29 Cal.4th 616, 651-53 (2002). California's "some evidence" requirement, however, is a substantive requirement that is not protected by the federal due process clause. *Swarthout*, slip op. at 5. Rather, in the parole suitability context, "the only federal right at issue is procedural." *Id*. at 6.

In this case, the record reflects that petitioner was present at his November 16, 2006 parole suitability hearing, that he participated in the hearing, and that he was provided with the reasons for the Board's decision to deny parole. As discussed, due process requires no more. Petitioner's grounds for relief raise only state law issues that will not be reviewed here. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Accordingly, petitioner is not entitled to relief for any of his claims regarding the Board's denial of parole.

## VI.  CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that the application for writ of habeas corpus be DENIED.

/////

4

1          These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-
3  one days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within seven days after service of the objections.  Failure to file
7  objections within the specified time may waive the right to appeal the District Court's order.
8  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
9  1991).

10  DATED: February 10, 2011

11                                                                 CHARLENE H. SORRENTINO
                                                                   UNITED STATES MAGISTRATE JUDGE